UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BLAKE HUNT,

                                        Plaintiff,                  **COMPLAINT**

           -against-                                          *Civil Action No.*

1667 FIRST GOTHAM PIZZA INC. AND
356 EAST 87TH STREET REALTY LLC,

                                       Defendants.
-----------------------------------------------------------X

      Plaintiff, BLAKE HUNT, (hereinafter the "Plaintiff"), through his undersigned counsel, A. Evelyn Rodriguez, Esq., hereby files this Complaint and sues 1667 FIRST GOTHAM PIZZA INC., a domestic limited liability company, and 356 EAST 87TH STREET REALTY LLC, a domestic limited liability company, (hereinafter collectively "Defendants"), for injunctive relief, compensatory relief, and attorney fees and costs pursuant to Title III of the American with Disabilities Act ("ADA") 42 U.S.C. §12181, *et. seq.*, and its implementing regulations, the New York State Executive Law § 296 (the "Executive Law" "New York State Human Rights Law" and the "NYSHRL"), and the Administrative Code of the City New York § 8-107 (the "New York City Human Rights Laws", "Administrative Code", and/or "NYCHRL"). and alleges:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(B) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

3. Defendants' place of public accommodation, where the events giving rise to this lawsuit occurred, is located at 1667 First Avenue, New York, New York 10028 (hereinafter "Premises").

## PARTIES

4. At all times relevant to this action, Plaintiff has been and remains a resident of New York County, New York. Plaintiff suffered a spinal cord injury as a teenager causing him to become quadriplegic which constitutes a qualified disability under the ADA, the NYSHRL, and the NYCHRL. As a result of his condition, Plaintiff ambulates using an electric wheelchair.

5. Defendant, 1667 FIRST GOTHAM PIZZA INC., is authorized to conduct and is conducting business in the State of New York. Upon information and belief, Defendant 1667 FIRST GOTHAM PIZZA INC. is the owner, lessee, and/or operator of the Premises, and the owner of the improvements where the Premises is located which is the subject of this action. Defendant 1667 FIRST GOTHAM PIZZA INC. also maintains and controls the Premises.

6. Defendant, 356 EAST 87TH STREET REALTY LLC, is authorized to conduct and is conducting business in the State of New York. Upon information and belief, Defendant 356 EAST 87TH STREET REALTY LLC is the owner, lessor, and/or operator of the Premises, and the owner of the improvements where the Premises is located which is the

subject of this action. Defendant 356 EAST 87TH STREET REALTY LLC also maintains and controls the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Premises, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (§292(9)) and the NYCHRL (§ 8- 102(9)).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Premises is a place of public accommodation as defined by the ADA, the NYSHRL, and the NYCHRL as it is a facility operated by a private entity and its operations affect commerce.

9. Plaintiff has attempted to enter Defendants' Premises several times including on or about December 4, 2022, however, due to the physical barriers to access, and dangerous conditions that exist at the Premises, he was denied full and equal access to, and full and equal enjoyment of the facilities, goods, and services offered at the Premises. The ADA violations are more specifically set forth in this Complaint. To date, Plaintiff has been unable to enter Defendants' Premises due to the continuing violations. Plaintiff lives in the area, is often in the neighborhood and intends on returning to patron the restaurant once the violations are remediated.

10. Plaintiff intends to visit the Premises again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions, and ADA violations that exist at the Premises. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the facility as

prohibited by the ADA, the NYSHRL, and the NYCHRL and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove the physical barriers that exist at the facility, including those specifically set forth therein, and make the Premises accessible to and usable by persons with disabilities, including Plaintiff.

11. Defendants' violations impede upon Plaintiff's, and other similarly situated disabled individuals' right to travel free of discrimination.

12. Upon information and belief, at some time after January 1992, Defendants made alterations to the Premises, including areas adjacent and/or attached to the Premises.

13. The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards" or "2010 ADAAG standards").

14. Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards, Plaintiff was and has been unable to enjoy safe, equal and complete access to Defendants' place of public accommodation.

15. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards or the 2010 Standards.

16. Barriers to access that plaintiff encountered and/or which deter plaintiff from patronizing the defendants' place of public accommodation as well as barriers that exist include, but are not limited to, the following:

    a. Due to the step leading to the entrance, the Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards.

    b. The total vertical rise of accessible route leading from public sidewalk is greater than ½ (one-half) inch due to the steps leading to the entrance and thus, the accessible route is not ramped in compliance with section 405 or 406, this is a violation of section 303.4 of the 2010 ADAAG standards.

    c. Due to the step leading to the entrance, the accessible route leading into this public accommodation contains at least one vertical rise in excess of ¼ inch in violation of section 303.2 of the 2010 ADAAG Standards.

    d. Due to the step leading to the entrance, the maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4 of the 2010 ADAAG standards.

    e. There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

    f. As not all entrances comply with section 404 of the 2010 ADAAG Standards, entrances that do comply with section 404 of the 2010 ADAAG Standards are required to have signage identified by the International Symbol of Accessibility indicating an accessible entrance, however, no such signage exists on the Property

    in violation of section 216.6 of the 2010 ADAAG Standards. Moreover, there is a lack of directional signage indicating the location of an nearest accessible entrance.

g. There is a failure to provide at least 5% but not less that one accessible dining surface in violation of section 226.1 of 2010 ADAAG Standards.

h. Failure to provide dining tables with appropriate toe and knee clearance in violation of 306.2 and 306.3 of 2010 ADAAG Standards.

i. Failure to provide at least one of each type of sales counter and/or service counter complying with section 904.4 of 2010 ADAAG Standards in violation of section 227.3 of 2010 ADAAG Standards.

j. The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

k. Restrooms have a pedestal sink with inadequate knee and toe clearance in violation of section 306 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom sink as Plaintiff is seated in a wheelchair and, when seated, Plaintiff's feet and legs protrude out in front.

l. The restroom lacks grab bars in violation of section 609 of the 2010 ADAAG Standards.

m. Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

17. Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

18. As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendants' public accommodation in order to catalogueand cure all of the areas of non-compliance with the ADA. Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint. Defendants have denied plaintiff the opportunity to participate in or benefit from services or accommodations because of a disability.

19. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

20. Plaintiff has a realistic, credible and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

21. Plaintiff frequently travels to the area where Defendants' place of public accommodation is located.

22. Plaintiff intends to patronize the Defendants' place of public accommodation several times a year after it becomes fully accessible.

23. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible.

24. Plaintiff intends to patronize the Defendants' place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether Defendants' place of public accommodation is fully accessible.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

25. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

26. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of plaintiff's disability, plaintiff uses an electric wheelchair for mobility, and also has restricted range of motion.

27. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

28. Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

29. Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendants' policies and practices have disparately impacted plaintiff as well.

30. By failing to comply with the law, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

31. Defendants have discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.

32. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

33. Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

34. Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

35. 28 C.F.R. § 36.406(5) requires defendants to make the facilities and elements of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

36. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendants' place of public accommodation fully accessible.

37. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against plaintiff on the basis of disability in violation of §

302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

38. In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

39. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et. seq., and 28 C.F.R § 36.101 et. seq.

40. Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

**COUNT II – VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW**

41. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

42. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

43. Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

44. Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Each of the defendants have aided and abetted others in committing disability

discrimination.

45. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

46. In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

47. It would be readily achievable to make defendants' place of public accommodation fully accessible.

48. It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

49. As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

50. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNT III – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

51. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

52. The New York City Human Rights Law provides:
    a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold

>from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…
>
>NYC Admin. Code §8-107(4)(a).

53. Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code Code § 8-102(16).

54. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

55. The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

56. Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

57. Defendants have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public

accommodation all because of disability in violation of the Administrative Code § 8-107(4). Each of the defendants have aided and abetted others in committing disability discrimination.

58. Defendants have discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

59. Defendants have subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8- 107(4).

60. In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

61. Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

62. As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

63. Upon information and belief, defendants' long-standing refusal to make their place of

public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

64. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

65. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

## PRAYER FOR RELIEF

66. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

67. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

68. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

69. The Plaintiff demands compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights

under New York State Human Rights Law and City Claw, including compensatory damages as contemplated by §297(4)(c).

70. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Premises until the requisite modifications are completed.

71. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

   a. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, NYSHRL, and NYCHRL and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

   b. Issue a permanent injunction ordering defendants to close and cease all business until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

   c. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

   d. Award of compensatory damages in an amount to be determined at trial;

e. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

f. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

g. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: New York, New York
December 5, 2022

Respectfully submitted,

_____
A. Evelyn Rodriguez, Esq.